UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

CASE NO:

ROBERT PETERSEN AND
ANN PETERSEN, his wife,

    Plaintiffs,

vs.

NCL (BAHAMAS) LTD. d/b/a NORWEGIAN CRUISE LINE,
NORWEGIAN CRUISE LINE HOLDINGS LTD.,
NCL, NCL CORP., NCL CORPORATION LTD.,
and the SHIP M/S NORWEGIAN BREAKAWAY,
ALL d/b/a NORWEGIAN CRUISE LINE,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

The Plaintiffs, ROBERT PETERSEN and ANN PETERSEN, his wife, by and through undersigned counsel, sue the Defendants NCL (BAHAMAS) LTD., NORWEGIAN CRUISE LINE HOLDINGS LTD., NCL, NCL CORP., NCL CORPORATION LTD., and the ship M/S NORWEGIAN BREAKAWAY, d/b/a NORWEGIAN CRUISE LINE, foreign corporations with their principal place of business in Miami-Dade County, Florida, all also doing business as NORWEGIAN CRUISE LINE collectively referred to as Defendants in this Complaint, and state as follows:

1

## JURISDICTION AND VENUE

1.  This is an action for personal injuries under general maritime law seeking damages in excess of $75,000.00 (Seventy-Five Thousand Dollars), exclusive of costs, attorneys' fees and interest.

2.  The Plaintiffs are residents of Pennsylvania, who were legally married at all times material.

3.  Venue is proper in this District pursuant to 28 U.S.C. 1391(b) because the Defendants maintain their base of operations in this District and are engaged in and doing business in Miami-Dade County, Florida, while Norwegian Breakaway regularly calls on Florida ports.

4.  In addition, venue is proper against these Defendants in this Court, as the passenger ticket provided by NCL (BAHAMAS) LTD. d/b/a NORWEGIAN CRUISE LINE on behalf of the Defendants to the Plaintiffs contains a forum selection clause, which provides that all actions shall be filed in the United States District Court for the Southern District in Miami-Dade County, Florida, U.S.A.

5.  The Plaintiffs have complied with all conditions precedent to the filing of this lawsuit. The Defendants have extended the time bar provision for filing suit under its ticket to October 22, 2016 for Defendants' Voyage No. BRE 151018.

6.  The Defendants NCL (BAHAMAS) LTD., NORWEGIAN CRUISE LINE HOLDINGS LTD., NCL, NCL Corp., NCL Corporation Ltd., all d/b/a NORWEGIAN CRUISE LINE ("the Defendants") are common carriers engaged in the business of marketing, selling and operating a cruise line out of various ports within the continental United States, including Miami, Florida and the world doing business as NCL Cruise

Line.  NCL (BAHAMAS) LTD. d/b/a NORWEGIAN CRUISE LINE, NORWEGIAN CRUISE LINE HOLDINGS LTD., NCL, NCL Corp. and NCL Corporation Ltd., owned, controlled and did business through its fictitious name(s) including NORWEGIAN CRUISE LINE, and the names of the other Defendants, derive substantial revenues from cruises originating and terminating in various ports in the State of Florida, including Miami-Dade, County, Florida.

7.      At all times material hereto, the Defendants NCL (BAHAMAS) LTD., NORWEGIAN CRUISE LINE HOLDINGS LTD., NCL, NCL Corp., and NCL Corporation Ltd. all d/b/a NORWEGIAN CRUISE LINE, were the operator(s), owner(s), owner(s) pro hac vice and/or charterer(s) of the M/S Norwegian Breakaway and as such owned, operated, managed, maintained, supervised, chartered, and/or controlled the vessel on October 22, 2015.

8.      All Defendants act as owners, subsidiaries, affiliates, agents, apparent agents, alter egos, assigns each other and own and operate the vessel M/S Norwegian Breakaway.

9.      On or about October 22, 2015, the Defendants owned, operated, managed, maintained, supervised, chartered, and/or controlled the vessel M/S Norwegian Breakaway.

10.     On or about October 22, 2015, the Plaintiffs Robert Petersen and Ann Petersen, his wife were fare-paying passengers aboard the Norwegian vessel M/S Norwegian Breakaway.  The Defendants' breaches of legal duties owed Robert Petersen legally caused Robert Petersen to fall on the unreasonably slippery, wet wooden deck of the M/S Norwegian Breakaway, slamming his head and knocking him

unconscious, and causing brain damage. Defendants' breaches of their duties legally caused Robert Petersen to suffer injuries including, but not limited to, brain damage, concussion with loss of consciousness, memory loss or impairment, sleep disorder, acute post-traumatic headache, convergence insufficiency, vestibular hypofunction, unspecified laterality, rib pain on right side, increased urinary frequency, post traumatic vision disorder, diplopia, visual motor impairment, pain, suffering, disability and bilateral midline shift. Due to Mr. Petersen's injuries, he was ordered to not work and to drive with restrictions. Restrictions in Mr. Petersen's working ability due to Defendants' negligence injuring him have resulted in a loss of income and benefits to him.

11. As designed, operated and maintained by Defendants, the passenger walking surface known as the deck became wet when the wind blew sprays of liquids including water from a nearby decorative waterfall, creating a hazardous trap of an unreasonably slippery and dangerous walking surface for Robert Petersen, which was a direct and proximate legal cause of Plaintiffs' injuries.

12. As a direct and proximate legal result of the injuries caused by the negligence of Defendants, the Plaintiff Robert Petersen sustained temporary and permanent injuries that required transport to a hospital, and for him to incur hospital and medical care, and rehabilitation and other services and expenses. Mr. Petersen has lost earnings and earning capacity as a legal result of these injuries, including brain damage, pain and suffering, and disability.

## COUNT I – NEGLIGENCE OF THE DEFENDANTS

13. The Plaintiffs repeat and adopt paragraphs one (1) through twelve (12) above and further state:

14. At all times material, and in particular on or about October 22, 2015, the Defendants owed a duty to the passengers, and in particular to the Plaintiffs, to exercise reasonable care to design, maintain and operate its vessel Norwegian Breakaway in a reasonably safe condition.

15. At all times material, the Defendants through their crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendants, breached the duties of reasonable care owed to the Plaintiffs and were negligent in one or more of the following ways:

    a. Failing to warn passengers of the dangerous conditions of the walking surface of the deck or floor, which were neither open nor obvious in a way to prevent injuries;

    b. Failing to use an appropriate anti-slippery surface on the walking surface of the deck or floor so as to prevent passengers from slipping and/or allowing anti-skid surfaces to become worn or otherwise become ineffective;

    c. Allowing, causing and/or creating an unsafe and dangerous condition of the walking surface of the deck or floor, and/or failing to remedy an unsafe and dangerous condition, including by allowing a decorative design feature to spread water in high winds onto a slippery surface, making it more slippery, which was known by the Defendant and/or which in the exercise of reasonable care should have been known by the Defendants;

    d. Failing to promulgate and/or follow proper procedures for monitoring the slipperiness and keeping the walking surface of the deck or floor reasonably safe for passengers, such as the Plaintiffs; and

    e. Through other acts or omissions constituting a breach of the duty to use reasonable care, which will be revealed through additional facts obtained through discovery.

5

16. That the Defendants created and/or knew or should have known of the above-described hazardous conditions through the exercise of reasonable care.

17. The above conditions were neither open nor obvious in a way to prevent injuries to Robert Petersen, and accordingly, the Defendants owed the Plaintiffs the duty to monitor the unsafe slipperiness and warn of them and/or correct them. Defendants were on notice of this dangerous slipperiness on this and on other of its vessels.

18. As a direct and proximate result of the carelessness and negligence of the Defendants, the Plaintiff Robert Petersen sustained serious and permanent injuries to his head, body, pain and suffering, disability, mental anguish, inconvenience, the loss of the capacity for the enjoyment of life, loss of past earnings, loss of future earnings, diminished earning capacity in the future, and has incurred medical expenses in the past and will incur medical expenses in the future. All or part of said damages are permanent and continuing in nature.

19. Ann Peterson has provided valuable, uncompensated services to her husband Robert Peterson, and has further suffered by her loss of consortium due to his injuries from the negligence of Defendants.

WHEREFORE, the Plaintiffs Robert Petersen and Ann Petersen demand judgment against the Defendants NCL (BAHAMAS) LTD., NORWEGIAN CRUISE LINE HOLDINGS LTD., NCL, NCL Corp., NCL Corporation Ltd., all d/b/a NORWEGIAN CRUISE LINE for damages in excess of the minimal jurisdictional limits of this Court, as well as pre-judgment and post-judgment interest, and costs to the extent allowed by law, and demand trial by jury of all issues so triable. As to those issues, which are not

triable by jury as a matter of law, the Plaintiffs request a jury trial under the provisions of Fed.R.Civ.P. 39(a)(2) and the stipulation(s) of Defendant(s) in (an) other case(es).

### COUNT II – NEGLIGENCE OF THE DEFENDANT M/S NORWEGIAN BREAKAWAY

20. The Plaintiffs repeat and adopt paragraphs (1) through twelve (12) above and further state:

21. At all times material, and in particular on or about October 22, 2015, the ship or vessel M/S Norwegian Breakaway owed a duty to its passengers, and in particular to the Plaintiffs, to provide a reasonably safe premises.

22. At all times material, the ship or vessel M/S Norwegian Breakaway breached its duties owed to the Plaintiffs and were negligent in one or more the following ways:

   a. Creating an unseaworthy condition by use of a flooring material, and maintenance procedures which created a dangerously slippery walking surface for its passengers, including Robert Petersen.

   b. Creating a dangerous and unseaworthy condition by allowing water and other chemicals to be blown from a decorative waterfall onto the walking surfaces making them more hazardous, and this was done for Defendants' financial, aesthetic and commercial purposes, and in disregard of safety to the passengers it carried.

   c. Failing to warn of the dangers presented by the unseaworthy chosen walking material, wood with a dangerously low coefficient of friction, made even lower when water and other chemicals are present on its surface.

   d. Through other acts or omissions constituting breaches of the duties to use reasonable care and to have a seaworthy vessel which, will be revealed through discovery.

23. That the ship or vessel M/S Norwegian Breakaway created, and/or knew or should have known of the above-described conditions through the exercise of reasonable care.

7

24. The above conditions and the hazardous implications were not open to, obvious to or fully understood by the Plaintiffs, and accordingly, the ship or vessel M/S Norwegian Breakaway owed the Plaintiffs the duty to warn of them and/or correct those unseaworthy conditions to prevent injuries.

25. That the Defendants' violations of the above-described duties constitute a maritime tort giving rise to a maritime lien for which an *in rem* action exists against the M/S Norwegian Breakaway.

26. As a direct and proximate result of the maritime tort and negligence and unseaworthy conditions of the ship the M/S Norwegian Breakaway, the Plaintiff Robert Petersen sustained serious and permanent injuries including, but not limited to, to his head and body, pain and suffering, disability, mental anguish, aggravation of preexisting conditions, inconvenience, the loss of the capacity for the enjoyment of life, loss of past earnings, loss of future earnings, diminished earning capacity in the future, and has incurred medical expenses in the past and will incur medical expenses in the future. Plaintiff Ann Petersen has suffered the loss of consortium of her injured husband and has provided him services to care for him given his injuries. Some or all of said damages are permanent and continuing in nature.

WHEREFORE, Plaintiffs Robert Petersen and Ann Petersen demand judgment against the ship or vessel the M/S Norwegian Breakaway for damages in excess of the minimal jurisdictional limits of this Court, as well as post-judgment interest and costs to the extent allowed by law and request a jury trial under the provisions of Fed.R.Civ.P. 39 (a)(2) and the stipulation(s) of Defendant(s) in (an) other case(es).

Dated this 20th day of October, 2016.

Respectfully Submitted,

DEEHL PLLC
Attorneys for Plaintiffs
Robert and Ann Petersen
2655 S. Le Jeune Road, PH1-G
Coral Gables, FL 33134
Telephone: (305) 448-9111
Facsimile: (305) 442-0441

By: ____*/s/ David L. Deehl*____
     DAVID L. DEEHL
     Florida Bar No. 350265
     david@deehl.com
     lydia@deehl.com