UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 16-CV-24421-MORENO/O'SULLIVAN

ROBERT PETERSEN and
ANN PETERSEN, his wife

    Plaintiff,

vs.

NCL (BAHAMAS) LTD. d/b/a NORWEGIAN CRUISE LINE,
NORWEGIAN CRUISE LINE HOLDINGS LTD., NCL,
NCL CORP., NCL CORPORATION LTD., and the
SHIP M/S NORWEGIAN BREAKAWAY,
ALL d/b/a NORWEGIAN CRUISE LINE,

    Defendant.
_____/

## DEFENDANT'S REPLY IN SUPPORT OF SUMMARY JUDGMENT [DE 57]

Defendant, NCL (Bahamas) LTD., d/b/a Norwegian Cruise Line ("Norwegian") by and through the undersigned counsel and pursuant to Federal Rule of Civil Procedure 56, hereby files its Reply in support of its Motion for Summary Judgement [D.E. 41] and states:

## UNCONTROVERTED FACTS

Plaintiff does not controvert the facts set forth by Defendant in paragraphs 1, 2, 3, 8, 9, 10, 11, 12, 14, 15, 16, 17, and 18 of its Statement of Undisputed Material Facts. *See* [D.E. 49]. Accordingly, all of these facts must be deemed admitted and are the established facts of the case. *See* S.D. Fla. L.R. 56.1(a)-(b); *see also Delandro v. Jackson Mem. Hosp.*, 2001 WL 1622064 (S.D. Fla. Oct. 16, 2001) ("The majority of these facts were contained in the Defendants' Statement of Material Facts in Support of Motion for Summary Judgment, and were not responded to by Plaintiff in her Response. Accordingly, those facts are deemed admitted. S.D. Fla. Local Rule

7.5."); *see also Howard v. Miami-Dade County,* Case No. 99-1760 Civ-Huck/Brown, Report and Recommendation at p. 2, f.n. 1 (S.D. Fla. 2001).

## RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS

Paragraphs 1 through 11 of Plaintiff's Statement of Undisputed Facts are immaterial to the dispositive issues in this matter, and are nothing more than argument, speculation, and/or unsupported conclusory statements.

1. Immaterial. Whether the deck in the subject area looked like ice is irrelevant to this case, in which did not involve a slip and fall on ice. *See* [D.E. 41, ¶¶15-16].

2. Immaterial. Bartender Philip Fernandez testified that he could not recall whether there were warnings in the subject area advising that the deck could be slippery. *See* [D.E. 49-1, at 59:3-7.

3. Immaterial. Further, any argument the floor is slippery as ice is based on pure speculation. However, Defendant admits that the video shows the deck is dry and then instantaneously soaked with a sheet of rain just prior to the subject incident. *See* [D.E. 41, ¶19].

4. Denied. Signage on the flooring in the subject area warns passengers to exercise caution. *Id.* at ¶5.

5. Admitted that a yellow warning sign was placed near the hot tub in the area of Spice H20 on Deck 16 where Plaintiff was walking. However, Plaintiff provides no record evidence to support the "fact" that the sign was not in the Spice h20 area where Plaintiff was walking, as required by Fed. R. Civ. P. 56(c).[1]

---

[1] It appears as though Plaintiff is citing to page 77 of Jesus Zuniga's deposition transcript; however, the testimony of Mr. Zuniga ends at page 73 of his deposition transcript.

6. Denied. Plaintiff has not adduced evidence that any prior slip and falls are substantially similar to the subject incident, absent which such evidence is not proper for consideration at the summary judgment stage. *See Sorrels v. NCL (Bahamas), Ltd.*, 2013 U.S. Dist. LEXIS 170890 (S.D. Fla. 2013).

7. Immaterial. There is no evidence that any substance other than water was present on the deck in the subject area and any argument to that effect is based upon pure speculation.

8. Immaterial. The guidelines promulgated by Norwegian are not mandatory and do not create a duty on the part of Norwegian beyond the duty of reasonable care. *Lapidus v. NCL Am. LLC*, 2012 WL 2193055 (S.D. Fla. June 14, 2012)*; see also Rinker v. Carnival Corp*., 753 F. Supp. 2d 1237, 1243 (S.D. Fla. 2010). Such guidelines cannot be used to establish negligence as a matter of law. Norwegian disputes that a crewmember slipped and fell and there is no testimony or statement from any crewmember regarding a slip and fall in the record.

9. Denied. The yellow warning sign next to the hot tub in the Spice H20 area would have been visible to Plaintiff as he entered the area. Further, Plaintiff walked directly over signage embedded in the deck warning passengers to exercise caution immediately prior to the subject incident and on at least one occasion prior to the incident. *See* [D.E. 41, ¶6-7].

10. Denied. Norwegian's corporate representative testified that Norwegian put out a sign or multiple signs indicating the deck was wet, at least one of which was seen in the CCTV video. *See* [D.E. 49-3, at 160:9-25.] Moreover, the CCTV video also shows Plaintiff walking directly over a second sign embedded in the deck, which advises passengers to exercise caution. [D.E 41, ¶6]. Moreover, the guidelines promulgated by Norwegian are not mandatory and do not create a duty on the part of Norwegian beyond the duty of reasonable care. *Lapidus v. NCL Am. LLC*, 2012 WL 2193055 (S.D. Fla. June 14, 2012)*; see also Rinker v. Carnival Corp*., 753

F. Supp. 2d 1237, 1243 (S.D. Fla. 2010). Such guidelines cannot be used to establish negligence as a matter of law.

13. Denied. The Passenger Safety Video played aboard the subject cruise warned passengers to exercise caution and that decks may be slippery.[2] The remainder of the allegation is immaterial.

## MEMORANDUM OF LAW

**I. Plaintiff's Response Fails to Comply with the Federal Rules of Civil Procedure and the Southern District of Florida Local Rules**

Plaintiff's Response fails deny and/or fails to point to any record evidence to support its denial of Defendant's assertions of material facts, as required by Federal Rule of Civil Procedure 56(c). Unless controverted, all material facts set forth in the movant's statement shall be deemed admitted. S. D. Fla. L.R. 56.1(a) and 56.1(b); *see also Centennial Bank v. Noah Group,* LLC, 755 F.Supp.2d 1256, 1258 n.2 (S.D.Fla. 2010); *Gossard v. JP Morgan Chase & Co.*, 612 F. Supp. 2d 1242-46 (S.D.Fla. 2009); *Joseph v. Napolitano*, 839 F. Supp. 2d 1324 (S.D. Fla. 2012) citing to S.D. Fla. 56.1(b) ("All material facts set forth in the movant's statement filed and supported as required above will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record."); *Salas v. Ben L. Schachter, D.V.M.*, 2015 WL 5118139 (S.D. Fla. August 31, 2015) ("The court concludes that [defendant's] statement of material facts is supported by evidence in the record. Therefore, because plaintiff's statement of material facts is deficient under the Local Rule 56.1(a), [defendant's] statements of material fact are deemed admitted. [Defendant] is therefore entitled to summary judgment on this basis alone.*"); Zargari v. United States* 2015 WL 1587942 (S.D. Fla.

---

[2] The Passenger Safety Video can be accessed using the following link:
https://www.dropbox.com/sh/quqnds4h8s6y525/AAAt6lrEhMzgXW2mjfuJe8RDa?dl=0

Apr. 9, 2015) (noting the plaintiff's response failed to comply with Local Rule 56.1(a), which requires a Statement of Material Facts in response to a motion for summary judgment, and deeming the facts admitted) (citing Local Rule 56.1(b)).

Plaintiff's Response also fails to comply with the Local Rules of the United States District Court for the Southern District of Florida governing the filing of motions for summary judgment and pleadings in opposition thereto. Local Rule 56.1 states, in pertinent part,

> Statements of material facts submitted in opposition to a motion for summary judgment **shall correspond with the order and with the paragraph numbering scheme used by the movant**, but need not repeat the text of the movant's paragraphs. Additional facts which the party opposing summary judgment contends are material shall be numbered and placed at the end of the opposing party's statement of material facts; the movant shall use that numbering scheme if those additional facts are addressed in the reply.

S.D. Fla. L.R. 56.1(a) (emphasis added). Rule 56.1(b) further provides that "all material facts set forth in the movant's statement filed and supported as required [by the rule] **will be deemed admitted** unless controverted by the opposing party's statement…" S.D. Fla. L.R. 56.1(b)(emphasis added); *see also Lincoln Diagnostics, Inc. v. Panatrex, Inc*., 2008 U.S. Dist. LEXIS 41649, *47 (C.D. Ill. May 29, 2008) (finding defendant conceded facts by failing to respond to plaintiff's Statement of Undisputed Facts and granting summary judgment in favor of plaintiff based on these undisputed facts); *Pearson v. Peake*, 2010 U.S. Dist. LEXIS 24934, *21-22 (S.D. Fla. Jan. 6, 2010) (deeming defendant's undisputed facts admitted, even though such facts were contradicted by other evidence, where plaintiff failed to respond to defendant's statement of undisputed material facts); *Wachovia Bank v. Johnson*, 2009 U.S. Dist. LEXIS 41211, *4 (S.D. Ala. May 13, 2009) (upholding determination by district court that plaintiff's failure to respond to defendant's statement of material facts filed with their motion for summary judgment deemed such facts admitted). 'When the non-movant does not respond to the movant's statement of facts in

support of a motion for summary judgment, the non-movant concedes the movant's version of the facts." *Lincoln Diagnostics, Inc. v. Panatrex, Inc.*, 2008 U.S. Dist. LEXIS 41649, *46 (C.D. Ill. May 29, 2008) (citing *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994); *Agent v. Sears Logistic Servs., Inc.*, 2008 U.S. Dist. LEXIS 32837, 2008 WL 1821522, at *4 (C.D. Ill. 2008). The court need only decide whether those undisputed facts are material and entitle the movant to judgment as a matter of law. *Flowers v. Deutsche Bank Nat'l Trust Co.*, 614 Fed. Appx. 214, 215 (5th Cir. Tex. 2015) (citing *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988)).

Here, Plaintiff was required to adhere to the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the Southern District of Florida alike when filing his Response. Plaintiff failed to do so. *See Lugo v. Carnival Corp.*, WL 9583280, at *3 (S.D. Fla. Dec. 31, 2015) (granting summary judgement and noting, "[t]he local rule further provides that when a plaintiff fails to controvert a defendant's statement of facts, the facts alleged by the defendant are deemed admitted to the extent they are supported by the record. S.D. Fla L.R. 56.1(b)" and that "failure to comply with the Local Rules essentially leaves the Court with the 'functional analog of an unopposed motion for summary judgment.'"). Plaintiff's Response to Defendant's Statement of Undisputed Facts is nothing more than argument, speculation, and/or unsupported conclusory statements without any citation, and fail to controvert the facts stated by Defendant. Defendant is entitled to summary judgment on this basis alone.

## II.  Plaintiff's Response Fails to Establish Notice

Plaintiff bears the burden of proof and there is no record evidence that the dangerous condition alleged was present any length of time prior to the subject incident sufficient to charge Norwegian with notice of its existence. In fact, there is simply no evidence that Norwegian was actually aware of a danger posed by rainwater instantaneously soaking the deck that was not open and obvious to Plaintiff, or that this was a foreseeable accident. Plaintiff points to no other specific

record evidence to demonstrate when the alleged danger came to be or the length of time it existed prior to Plaintiff's fall. Speculation and conjecture that the alleged danger could have been present prior to the subject accident is insufficient to defeat summary judgment *Taiariol v. MSC Crociere, S.A.*, 2016 WL 1428942 (S.D. Fla. Apr. 12, 2016) (The mere implication of actual or constructive notice is insufficient to survive summary judgment"), citing *Lipkin*, 93 F. Supp. 3d at 1323 (citation omitted); *Thomas v. NCL Ltd.* 2014 WL 3919914; *Cohen*, 945 F. Supp. 2d at 1357 (citing *Adams v. Carnival Corp.*, 2009 WL 4907547, (S.D. Fla. Sept. 29, 2009) (finding plaintiff needed "specific facts" rather than "mere implication" to demonstrate notice); *Daniels v. Twin Oaks Nursing Home*, 692 F. 2d 1321 (11th Cir. Ala. 1982)("Inferences are unreasonably only if they contain speculation and conjecture that would render a finding 'a guess or mere possibility.'").

The same result obtains to the extent Plaintiff argues that a crewmember may have created the alleged dangerous condition by failing to adequately clean the deck surface or failing to place additional signage instantaneous with a spell of rain. The inference that Plaintiff would have this Court draw – that a violation of Defendant's internal operating procedures by a crewmember precludes summary judgment as direct evidence of Defendant's negligence – is not supported by law. *Lapidus v. NCL Am. LLC*, 2012 WL 2193055 (S.D. Fla. June 14, 2012) (ship's safety manual and corporate safety policies cannot act to form a duty); *see also Rinker v. Carnival Corp.*, 753 F. Supp. 2d 1237, 1243 (S.D. Fla. 2010). Additionally, to the extent Plaintiff attempts to categorize the dangerous condition alleged as an *unreasonably* slippery deck, such argument is based on pure speculation as he has failed to adduce any evidence by way of expert testimony to establish that the deck surface was unreasonably slippery. *See Farmer v. Sam's East Inc., 253 F. App'x 352, 355 (5th Cir. 2007)*; *see also Wilson, 161 So. 3d at 1131* (plaintiff failed to show dangerous condition without expert reports or evidence of industry standards or store policy). Plaintiffs cite to the

allegations in their Complaint, but "to defeat a motion for summary judgment, a party cannot rest simply on the allegations in the pleadings." *Bhatla v. U.S. Capital Corp., 990 F.2d 780, 786 (3d Cir. 1993)*; *Fed. R. Civ. P. 56(c)(1)*.

Moreover, Plaintiff's argument that Defendant should have been aware of the alleged dangerous condition, generally, based on slip and falls in other areas of the ship. On this point, *Weiner v. Carnival Cruise Lines*, 2012 WL 5199604 (S.D. Fla. Oct. 22, 2012) is instructive. In that slip and fall case, the court rejected Plaintiff's argument that constructive notice of an alleged liquid on the floor should be found to exist based on the alleged foreseeability of spills due to the numerous cafes and bars situated in the area, noting that summary judgment cannot be avoided based on "some generalized theory of foreseeability that is divorced from the particular events in question." *Id*. at 12. Specifically, the court highlighted the lack of evidence that "spills and accidents of the sort experienced by [plaintiff] 'occurred with enough frequency to impute constructive notice' of a dangerous condition." *Id*. at 15.

Like the argument proffered by the Plaintiff and rejected by the court in *Weiner*, here, Plaintiff attempts to avoid summary judgment based upon a generalized theory that the dangerous condition alleged was foreseeable. *See Weiner,* 2012 U.S. Dist. LEXIS at 12. However, as the *Weiner* court explained, a generalized theory of foreseeability is insufficient to avoid summary judgment where there is no evidence that spills and accidents occurred with enough frequency to impute Defendant with constructive notice of a dangerous condition. *Id.* at 15; *see also Peer v. Home Depot U.S.A., Inc.*, 2012 U.S. Dist. LEXIS 58286 (S.D. Fla. Apr. 26, 2012)(while "plaintiff can establish constructive notice if the condition occurs with regularity and thus is foreseeable," in this case "there is no evidence that such a hazard occurred with enough frequency to impute constructive notice"). As in *Weiner*, here, Plaintiff has adduced no evidence that the alleged danger

– slip and falls on decks instantaneously wet from rain – occurred with any degree of frequency to impute Norwegian with constructive notice. *Weiner,* 2012 U.S. Dist. LEXIS at 9 (citing *Isbell*, 462 F. Supp. 2d at 1237) (rejecting argument that the cruise line "should have known" of dangerous condition simply because plaintiff suffered an accident); *see also Wish v. MSC Crociere S.A.*, 2008 U.S. Dist. LEXIS 109072, 2008 WL 5137149, at *2 (S.D. Fla. Nov. 24, 2008) (Marra, J.) ("A carrier does not become liable to a passenger solely because an accident occurs."). Evidence of prior accidents may only be admitted (and considered in ruling on summary judgment) if it is substantially similar to the incident at hand. *See Sorrels v. NCL (Bahamas), Ltd.*, 2013 U.S. Dist. LEXIS 170890 (S.D. Fla. 2013). The undisputed evidence demonstrates the absence of <u>any</u> substantially similar slip and fall incidents aboard the subject vessel that would have put Norwegian on constructive notice of the risk-creating condition. *See* [D.E. 30, at ¶ 22]; *see also Wolf v. Celebrity Cruises, Inc.,* 101 F. Supp. 3d 1298, 1307 (S.D. Fla. 2015); *Groves v. Royal Caribbean Cruises, Ltd.*, 2010 U.S. Dist. LEXIS 145815, *7 (S.D. Fla. Dec. 8, 2010). For this reason as well, Norwegian is entitled to summary judgment on Plaintiff's negligence claim.

    **C.**    **Norwegian Had No Duty to Warn Plaintiff of an Open and Obvious Condition**

Based on the undisputed evidence, the complained of condition was both apparent and obvious to Plaintiff. *Isbell v. Carnival Corporation*, 462 F. Supp.2d 1232 (S.D. Fla. 2006). Plaintiff does not dispute the fact that, immediately prior to the subject incident, he actually observed water on the deck as he entered the exterior deck in the Spice H20 area on Deck 16. [D.E. 41, at ¶¶10-11]. Plaintiff also admitted that the that once he stepped onto to the exterior deck in the Spice H20 area on Deck 16, he felt strong winds whipping and pelting water at him, and that it was obvious to him that there was water on the deck: *Id.* at *¶*8-9. Plaintiff knew the deck was wet and the wetness was obvious to him. *Id; see also, e.g.*, *Wish v. MSC Crociere S.A.,* 2008 U.S. Dist. LEXIS 109072 (S.D. Fla. 2008) (finding no liability where plaintiff testified that she was aware that rain

could cause a pool deck to become wet and slippery); *Holland v. United States*, 918 F. Supp. 87 (S.D.N.Y 1996) ("in customer slip and fall cases arising from injuries suffered when slipping on wet . . . floors during or after a rainstorm. Even in the case where no sign was posted, no mats or runners were provided, and recommended mopping procedures were not followed, courts have repeatedly found that the [defendant] did not breach a duty to [plaintiff] because the [defendant's] duty to warn does not extend to obvious dangers."). Notwithstanding his observations and knowledge, Plaintiff proceeded to walk through the subject area. *Id.* What's more, CCTV footage capturing the subject incident irrefutably establishes that Plaintiff never stopped or even hesitated before proceeding to walk into the area where he observed water on the deck moments before. *Id.* at ¶ 6. Norwegian had no duty to warn Plaintiff of a condition which he either knew was present, or should have noticed had he paid attention to his environment. *Cremeans ex rel. Cremeans v. Speedway SuperAmerica, LLC*, No. CIV.A. 04-343-KSF, 2005 WL 1883662, at *5.

Plaintiff should have been aware of the obvious danger that the exterior deck of a ship may be slippery when wet. On this basis alone, Plaintiff cannot establish his negligence claim, and Norwegian is entitled to summary judgment.

### III.   CONCLUSION

Plaintiff has failed to present any record evidence that Norwegian breached a duty owed to him. Furthermore, as the alleged danger would have been obvious and apparent to Plaintiff through the ordinary use of his senses, Norwegian had no duty to warn of the alleged danger.  As there are no genuine issues of material fact for trial and Plaintiff's claim fails as a matter of law, Norwegian is entitled to summary judgment.

Dated:  July 14, 2017
Miami, Florida

Respectfully submitted,
**FOREMAN FRIEDMAN, P.A.**

        BY: */s/ Noah D. Silverman*
            Jeffrey E. Foreman, Esq. (FBN 0240310)
            jforeman@fflegal.com
            Noah D. Silverman, Esq. (FBN 401277)
            nsilverman@fflegal.com
            One Biscayne Tower, Suite 2300
            2 South Biscayne Boulevard
            Miami, FL  33131
            Tel: 305-358-6555/Fax: 305-374-9077
            Counsel for Defendant

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 14th day of July, 2017. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

            */s/ Noah D. Silverman*
            Noah D. Silverman, Esq.

## SERVICE LIST

CASE NO: 16-cv-23733-UNGARO/Otazo-Reyes

| | |
|---|---|
| David L. Deehl, Esq.<br>david@deehl.com<br>Lydia@deehl.com<br>Robert and Ann Petersen<br>2655 S. LeJeune Rd., PH1-G<br>Coral Gables, FL  33134<br>Tel: 305-448-9111/Fax: 305-442-0441<br>*Counsel for Plaintiff* | Jeffrey E. Foreman, Esq.<br>jforeman@fflegal.com<br>mfonticiella@fflegal.com<br>Noah D. Silverman, Esq.<br>nsilverman@fflegal.com<br>mfonticiella@fflegal.com<br>mfernandez@fflegal.com<br>Karen F. Grossman, Esq.<br>kgrossman@fflegal.com<br>FOREMAN FRIEDMAN, PA<br>One Biscayne Tower – Suite #2300<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>Tel: 305-358-6555/ Fax: 305-374-9077<br>*Counsel for Defendant* |